IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOSE CORPORATION, | ) | Civil Action No. 10-10498 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN MEYERER, NIKOLAOS KRIDZELIS, KEVIN LONGLEY, GUANGWEN LI, LEO SIN and LUCY KOO. | ) ) ) ) | Jury Trial Requested |
| | ) | |
| Defendants. | | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, Bose Corporation (the "Plaintiff" or "Bose"), as and for its Complaint against defendants, John Meyerer, Nikolaos Kridzelis, Kevin Longley, Guangwen Li, Leo Sin and Lucy Koo (collectively, the "Defendants"), alleges upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, as follows:

**NATURE OF THIS ACTION**

1. This is an action for trademark counterfeiting, trademark infringement, and trademark dilution arising under the Lanham Act, 15 U.S.C. § 1051, et seq., and under the Anti-Counterfeiting Consumer Protection Act of 1996, 15 U.S.C. §1116(d) as well as related state law claims arising from the Defendants' willful counterfeiting of trademarks owned and used by Bose. As described more fully below, Defendants have knowingly sold, offered for sale, or otherwise contributed to the sale of counterfeit versions of headphones made and sold by Bose, and are therefore liable for direct and/or contributory infringement of Bose's lawfully owned trademarks. Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Bose.

2. As a result of Defendants' actions, Bose is suffering a loss of the enormous goodwill Bose has created in its trademarks and is losing profits from lost sales of genuine products. This action seeks permanent injunctive relief and damages for Defendants' infringement of Bose's intellectual property rights.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

4. This Court also has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(a).

5. The Defendants are subject to personal jurisdiction in the Commonwealth of Massachusetts pursuant to Massachusetts General Laws c. 223A § 3 because Defendants misrepresented the authentic nature of their counterfeit headphones to Massachusetts residents; because Defendants have caused tortious injury to Bose trademarks within the Commonwealth; because Defendants practice the unlawful conduct complained of herein, in part, within the Commonwealth; because the unlawful conduct complained of herein causes tortious injury, in part, within the Commonwealth; because the Defendants regularly do or solicit business within the Commonwealth; because the Defendants regularly and systematically direct electronic activity into the Commonwealth with the manifest intent of engaging in business within the Commonwealth, including the sale and/or offer for sale to Internet users within the Commonwealth, as well as, upon information and belief, entry into contracts with residents of the Commonwealth through the sale of items in Internet auctions. Similarly, because some of

the Defendants' wrongful acts involved the offering for sale and sale of products that infringe Bose's trademarks, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff Bose Corporation is a Delaware corporation with its principal place of business in Framingham, Massachusetts. Bose designs, manufactures, and sells a variety of high-performance audio products, including headphones. Bose has been a leading innovator in its field since it was founded in 1964. Bose sells products directly to consumers and through retail stores and authorized resellers.

7. Upon information and belief, defendant John Meyerer ("Meyerer") resides, has resided, does business, or has done business at 3858 Pfeiffer Woods Ct SE, Kentwood, MI, 49515. Meyerer has sold counterfeit Bose QuietComfort headphones on eBay under the user ID meyerer33.

8. Upon information or belief, defendant Nikolaos Kridzelis ("Kridzelis") resides, has resided, does business or has done business at 73 Ward Ave., Moosup, CT 06354. Kridzelis sold counterfeit Bose in-ear headphones on eBay under the user ID thegreektycoon and at the Mansfield Drive-in Theatre and Marketplace, in Mansfield, CT.

9. Upon information and belief, defendant Kevin Longley ("Longley"), resides, has resided, does business or has done business at 5225 Del Monte Ave., Las Vegas, NV 89146. Longley sold counterfeit Bose QuietComfort headphones on eBay under the user ID yeolcraftsman.

10. Upon information and belief, defendant Guangwen Li ("Li"), resides, has resided, does business or has done business at 2605 Severance St., Apt. 305, Los Angeles, CA,

3

90007. Li sold counterfeit Bose QuietComfort and on-ear headphones on eBay under the user IDs lgwwin and cy_elec.

11. Upon information and belief, defendants Leo Sin ("Sin") and/or Lucy Koo ("Koo"), reside, have resided, do business or have done business at 341 Gonzalez Drive, San Francisco, CA 94132. Sin and/or Koo sold counterfeit Bose QuietComfort and on-ear headphones on eBay under the user IDs roddickx2008, dentzero and lucykoo09.

## FACTS GIVING RISE TO THIS ACTION

### A. Bose And Its Trademark Usage

12. Bose is the sole and exclusive owner of the federally registered mark BOSE®, which is in several registrations on the U.S. Patent and Trademark Office's ("PTO") Principal Register. Bose has continuously used BOSE® as a mark and the salient feature of its trade name for at least four decades. For example, the PTO issued Registration No. 829,402 for the BOSE® trademark (and design) to Bose on May 30, 1967, for use in connection with acoustical transducer systems for reproduction of sound. The first use date was at least as early as 1966, which is long prior to any use by any of the Defendants. A printout from the PTO Trademark Electronic Search System ("TESS") reflecting this registration is attached hereto as **Exhibit 1**. The mark is incontestable pursuant to 15 U.S.C. § 1065 since at least November of 1980. Said registration remains in full force and effect.

13. Bose also owns the following federal trademark and service mark registrations, which are relevant to this action:

| Reg. No. | Reg. Date | Mark | Goods/Services |
|---|---|---|---|
| 3,060,458 | 2/21/2006 | TRIPORT | Music system consisting of headphones and a player of recorded sound signals in Int'l Class 9 |
| 3,497,786 | 9/9/2008 | Black and white cord design | Headphones in Int'l Class 9 |
| 3,339,159 | 11/20/2007 | Oval headphone design | Headphones in Int'l Class 9 |
| 2,539,951 | 2/19/2002 | QUIETCOMFORT | audio and video headsets in Int'l Class 9 |
| 3,355,350 | 12/18/2007 | QC | headphones and headphone-related accessories, namely, audio cables with built-in microphones and adapters to connect headphones to cell phones in Int'l Class 9 |
| 2,096,548 | 9/16/97 | ACOUSTIC NOISE CANCELLING | headsets for reducing acoustic noise in Int'l Class 9 |
| 991,271 | 8/20/1974 | BOSE | loudspeaker systems; electrical power processors – namely, power amplifiers, inverters, and battery chargers, in Int'l Class 9 |
| 1,297,699 | 9/25/1984 | BOSE (stylized) | clothing – namely, shirts, hats and jackets, in Int'l Class 25 |
| 1,727,482 | 10/27/1992 | BOSE | printed matter; namely, catalogs, newsletters and brochures in the field of electronic and electro-acoustical equipment, in Int'l Class 16; and repair of electronic and electro-acoustical equipment, in Int'l Class 37 |
| 1,738,278 | 12/8/1992 | BOSE (stylized) | printed matter; namely, catalogs, newsletters, and brochures all in the field of electronics and electro-acoustical equipment, in Int'l Class 16; and services and repair of electronic and electroacoustical equipment, in Int'l Class 37 |
| 1,828,700 | 3/29/1994 | BOSE | retail store services in the field of electronic and electro-acoustical products, in Int'l Class 42 |
| 1,830,727 | 4/12/1994 | BOSE (stylized) | retail services in the field of electronic and electro-acoustical products, in Int'l Class 42 |

| Reg. No. | Reg. Date | Mark | Goods/Services |
|---|---|---|---|
| 2,288,004 | 10/19/1999 | BOSE | computerized on-line retail services in the field of sound reproduction products, and shopping information related thereto, in Int'l Class 35 |

True and correct copies of printouts from TESS evidencing these registrations are attached hereto as **Exhibit 2**. Said registrations are in full force and effect, and these marks are incontestable pursuant to 15 U.S.C. § 1065. The marks contained in the registrations are hereinafter referred to collectively as the "Bose Marks."

14. Bose also has acquired common law rights in BOSE® throughout the United States.

15. BOSE® is well-known and famous. The goodwill associated with BOSE® is a valuable asset. Bose has expended great effort and considerable resources in the promoting and advertising of its goods and services under BOSE®. As a result of this widespread and continuous use and promotion, BOSE® identifies Bose as the source of goods and services identified in the registrations of BOSE®.

16. Bose's Federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of Bose's exclusive ownership of the Bose Marks.

17. Bose has invested many millions of dollars and has expended significant time and effort in advertising, promoting and developing its Bose Marks throughout the United States and the world. As a result of such advertising and promotion, Bose has established substantial goodwill and widespread recognition in its Bose Marks, and those marks have become associated exclusively with Bose by both customers and potential customers, as well as with the general public at large.

18. To create and maintain such goodwill among its customers, Bose has taken substantial steps to ensure that products bearing its Bose Marks are of the highest quality. As a result, the Bose Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

19. Customers throughout the United States and throughout the world recognize the Bose name and logo, upon which they rely for high quality products and attentive customer service.

20. As a result of, *inter alia,* the care and skill exercised by Bose in the conduct of its business, the high quality of the goods sold under the Bose Marks and the extensive advertising, sale, and promotion by Bose of its branded products, the Bose Marks have acquired secondary meaning throughout the United States, including in the Commonwealth of Massachusetts.

B. **Defendants' Sale of Counterfeit Headphones**

21. In the fall of 2007, Bose discovered that counterfeit Bose headphones were being sold from web sites originating in China. These products are nearly identical in appearance to genuine Bose goods, but are inferior in quality. Many people who purchase these items have no idea that they are getting a counterfeit product rather than the genuine article.

22. As soon as this discovery was made, Bose began regularly monitoring eBay, Amazon.com and other online commerce sites in order to try to prevent sales of counterfeit Bose goods and take enforcement action as appropriate against sellers of counterfeit Bose goods.

23. In February of 2008, an eBay buyer contacted Bose customer service about a set of QuietComfort Acoustic Noise Cancelling headphones purchased from an eBay seller located in Singapore. The eBay buyer sent the headphones to Bose for analysis of whether the product was counterfeit. Bose engineers determined that the product was counterfeit. Since that time,

Bose has been able to determine that numerous QuietComfort headphones sold online are counterfeit.

24. Bose engineers are able to identify products as counterfeit based on certain physical differences between the counterfeit product and packaging and that of genuine Bose goods.

25. Each of the Defendants named herein is associated with an eBay account that Bose, through its online monitoring or through investigation, has determined to have sold or offered for sale counterfeit Bose headphones, or committed acts in furtherance of such sales, such as providing false feedback to enable the counterfeit sellers to gain credibility in order to make sales.

26. Bose's investigation has also revealed that Defendants purchased the counterfeit products at highly discounted prices from questionable sources, such as anonymous sellers on CraigsList or Internet web sites located in China. Accordingly, the Defendants either knew or acted in reckless disregard of circumstances, suggesting that the products they were selling were counterfeit, and their actions were therefore knowing and willful.

27. Based upon Bose's investigation of each Defendant, Bose has determined that each Defendant has knowingly sold or offered to sell large volumes of counterfeit headphones to unsuspecting customers.

28. Upon information and belief, all the defendants have conducted sales of their counterfeit products using banking accounts with PayPal and email accounts such as Google, Yahoo, Hotmail and others.

### C. The Likelihood of Confusion and Injury Caused by Defendants' Actions

29. The counterfeit headphones sold by the Defendants are not the same or of the same quality as those manufactured and sold by Bose under the Bose Marks.

30. As such, consumers who purchase headphones bearing the Bose Marks are likely to be confused and/or disappointed by obtaining counterfeit headphones when they intended to purchase genuine Bose headphones.

31. In addition, the sale of counterfeit headphones bearing the Bose Marks is likely to cause confusion among consumers regarding Bose's sponsorship or approval of the counterfeit headphones.

32. As a result of Defendants' actions, Bose is suffering a loss of the enormous goodwill Bose has created in its Bose Marks and is losing profits from lost sales of genuine product.

33. Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Bose's irreparable harm.

### COUNT I
### Trademark Counterfeiting and Infringement under
### 15 U.S.C. §§ 1114(1)(a), 1116 and 1117
### (Against all Defendants)

34. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. The acts of Defendants alleged herein constitute the use in commerce, without the consent of Bose, of a reproduction, counterfeit, copy, or colorable imitation of one or more of the Bose Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Bose's rights in one of more of the Bose Marks, all in violation of the Lanham Act.

36.     Defendants' use of the counterfeit versions of the Bose Marks was willful, intentional and done with the knowledge that the marks used were counterfeit marks, as defined in Section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).

37.     Specifically, upon information and belief, the Defendants have knowingly purchased counterfeit goods bearing the Bose Marks, and are knowingly importing the goods for re-sale in the United States and/or are manufacturing, promoting, and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing goods bearing the Bose Marks.

38.     The conduct of the Defendants' counterfeiting and infringing activities is likely to cause, is actually causing, and was willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products and constitutes trademark counterfeiting under 15 U.S.C. § 1114(1)(b).

39.     As a direct and proximate result of the Defendants' actions, Plaintiff has suffered substantial damages.  Bose is entitled to an injunction and to recover the Defendants' profits, all damages sustained by Bose, treble those profits or damages, and the cost of this action, plus interest, under 15 U.S.C. §1117(a) and §1117(b), which amounts are yet to be determined.

40.     As a direct and proximate result of the Defendants' acts of willful trademark counterfeiting, Plaintiff is entitled to elect statutory damages, under 15 U.S.C. § 1117(c)(2), of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Defendants.

~Doc# 22398.1~

## COUNT II
### Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)
### (Against all Defendants)

41. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  These acts of the Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Bose, or as to the origin, sponsorship, or approval of counterfeit headphones by Bose.

43. The Defendants' counterfeit goods are seemingly identical in appearance to each of Bose's genuine goods.  The Defendants' counterfeit goods, however, are different and inferior in quality.  As such, the Defendants' conduct is likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the counterfeit goods.

44. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

45. Such conduct on the part of the Defendants has caused and will continue to cause irreparable injury and harm to Plaintiff.

## COUNT III
### Trademark Dilution under 15 U.S.C. § 1125(c)
### (Against all Defendants)

46. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

~Doc# 22398.1~

47. Use by Defendants of the Bose Marks in connection with the sale of counterfeit goods has lessened, and will continue to lessen, the capacity of Bose's famous and distinctive trademarks to distinguish Bose's products and services from those of others, and has diluted the distinctive quality of Bose's famous and distinctive marks.

48. Defendants' acts constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. Defendants' acts have caused and will continue to cause Bose to suffer irreparable harm.

## COUNT IV
## Unfair Competition under M.G.L. c. 93A
### (Against all Defendants)

50. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. By reason of the foregoing, the Defendants have engaged, and continue to engage, in acts of unfair and deceptive competition in violation of Massachusetts law.

52. Such conduct on the part of the Defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

53. Such conduct on the part of the Defendants has caused and will continue to cause damage to Plaintiff.

## COUNT V
## Trademark Infringement Under Massachusetts Common Law
### (Against all Defendants)

54. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

~Doc# 22398.1~

55. As alleged above, Defendants have infringed Bose's senior common law trademark rights in the Bose Marks with the intent to deceive the public into believing that Defendants' products were manufactured by, approved by, sponsored by or affiliated with Bose.

56. By reason of Defendants' acts alleged herein, the distinctiveness of the Bose Marks has been diluted and their reputation has been harmed. Consequently, Bose has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, for which Bose has no adequate remedy at law.

57. Such conduct on the part of the Defendants has caused and will continue to cause irreparable harm to Bose.

## COUNT VI
**Breach of Contract**
**(Against Kridzelis)**

58. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59. Kridzelis entered into a settlement agreement (the "Settlement Agreement") with Bose on October 9, 2009. The Settlement Agreement is attached hereto as **Exhibit 3.**

60. As part of the Settlement Agreement, Kridzelis agreed, *inter alia*, to cease selling counterfeit Bose headphones and to deliver his remaining inventory of counterfeit product to Bose.

61. Section 6 of the Settlement Agreement contains a "Liquidated damages" section whereby Kridzelis agrees to pay liquidated damages of the greater of the two following amounts: (i) statutory damages under the Lanham Act; or (ii) two thousand United States dollars ($2,000.00) for each sale of a counterfeit Bose product by Kridzelis.

62.     Section 7.5 of the Settlement Agreement states that in the event of a material breach of the agreement, the prevailing party in an action resulting from a material breach of the Settlement Agreement shall be entitled to an award of reasonable attorneys' fees and costs.

63.     On October 25, 2009, Kridzelis sold counterfeit Bose headphones at the at the Mansfield Drive-in Theatre and Marketplace in Mansfield, CT, in material breach of the Settlement agreement.

64.     As a direct and proximate result of Kridzelis' breach, Bose has suffered irreparable harm and damages.

65.     Per Section 6 of the Settlement Agreement, Plaintiff is entitled to elect statutory damages, under 15 U.S.C. § 1117(c)(2), of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Kridzelis.

WHEREFORE, Bose requests that this Court:

A.     Preliminarily and permanently enjoin the Defendants, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from using the Bose Marks or any mark confusingly similar to the Bose Marks, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, unfair competition and unfair trade practices.

B.     Direct Defendants to pay Bose the actual damages to Bose and profits realized by the Defendants, and the costs and attorneys fees incurred in pursuit of this action pursuant to 15 U.S.C. § 1117(a), Mass. Gen. Laws ch. 93A, § 11, or otherwise.

C.     Enter judgment that Defendants' acts of infringement, false designation of origin, unfair competition and unfair trade practices have been knowing and willful.

~Doc# 22398.1~

D. Direct Defendants to pay Bose statutory damages in an amount not to exceed two million dollars ($2,000,000) per mark for each of Bose's marks which Defendants have counterfeited, as authorized by 15 U.S.C. § 1117(c)(2).

E. Award Bose treble damages pursuant to 15 U.S.C. § 1117(b), Mass. Gen. Laws ch. 93A, § 11, or otherwise.

F. Order Defendants to pay for corrective advertising for the purpose of correcting consumers' mistaken impressions created by Defendants' infringing acts.

G. Order the recall, impounding and destruction of all goods, advertising or other items bearing infringing markings, pursuant to 15 U.S.C. § 1118, or otherwise.

H. Award Bose such further relief as this Court may deem just and proper.

## Jury Trial Claim

The Plaintiff, Bose, claims a trial by jury on all issues so triable.

>Respectfully submitted,
>Plaintiff,
> BOSE CORPORATION,
>by its attorneys,
>
>*/s/ Jeffrey S. Patterson*
>Jeffrey S. Patterson (BBO # 671383)
>jeffrey.patterson@nelsonmullins.com
>Christopher S. Finnerty (BBO # 657320)
>chris.finnerty@nelsonmullins.com
>William T. Hogan, III (BBO# 237710)
>bill.hogan@nelsonmullins.com
>Morgan T. Nickerson (BBO # 667290)
>morgan.nickerson@nelsonmullins.com
>Nelson Mullins Riley & Scarborough LLP
>One Boston Place, 40th Floor
>Boston, MA 02108
>p.    (617) 573-4700
>f.    (617) 573-4710

Dated: March 24, 2010

~Doc# 22398.1~